Peter A. Strotz, Bar No. 129904
pstrotz@filicebrown.com
William E. Steimle, Bar No. 203426
wsteimle@filicebrown.com
Rose F. Luzon, Bar No. 221544
rluzon@filicebrown.com
Scott J. Borrowman, Bar No. 241021
sborrowman@filicebrown.com
**FILICE BROWN EASSA & MCLEOD LLP**
1999 Harrison Street, Suite 1800
Oakland, California 94612-0850
Telephone: 510.444.3131
Facsimile: 510.839.7940

Attorneys for Defendants
ASTRAZENECA PHARMACEUTICALS LP,
ASTRAZENECA LP, and ZENECA HOLDINGS
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

KENT J. KLAWER,

Plaintiff,

v.

SMI LIQUIDATING, INC., f/k/a SORENSON MEDICAL, INC., a Utah Corporation; ASTRAZENECA PHARMACEUTICALS LP, a Delaware Corporation; ASTRAZENECA LP, a Delaware Corporation; ZENECA HOLDINGS, INC., a Delaware Corporation,

Defendants.

Case No. CV-08-04991 SGL-AJW

**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY OF DISCOVERY MATERIALS**

The Parties hereby stipulate and agree, and based on the stipulation of the parties, it is hereby **ORDERED** as follows:

1. As used in this Stipulation and Order, the term "Confidential Discovery Material" means documents and other information produced in the



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

course of discovery in this action that are designated as "Confidential" or "Trade Secret" pursuant to the terms of this Order. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type. This Order is applicable to all forms of discovery, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks. The parties may designate any such materials as "confidential" or "Confidential Discovery Material," under the terms of this Stipulated and Order.

2. The parties to this Stipulation and Order may designate as "Confidential" or "Trade Secret," pursuant to the terms of this Stipulation and Order, documents or other discovery material to the extent they consist of or include trade secret or confidential research, development, competitive, proprietary, or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy law or other government regulation, as well as any other type of information given confidential status by the court. Any failure to designate a document "Trade Secret" shall not waive trade secret protection for any document otherwise designated "Confidential" pursuant to this Protective Order, and shall not waive or preclude any future "Trade Secret" designation.

3. Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

4. The producing party may designate documents containing confidential or trade secret information as described herein as Confidential Discovery Material by stamping or otherwise clearly marking the document as **"Confidential"** or



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

**"Trade Secret"** in such a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page stamped **"Confidential Information Governed By Protective Order"** by the court reporter and bound in a separate volume. Alternatively, the party may designate information disclosed at deposition as Confidential Discovery Material by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated Confidential Discovery Material. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

6. Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, to allow the parties to review and assess the documents and information for confidentiality and designation under this Order.

7. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, the producing party may designate it as confidential by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file. Whenever a party or other person subject to this order to whom confidential Electronic Discovery Material is produce reduces it to hardcopy or image form, that person shall mark the hardcopy or image form with the "Confidential" or "Trade Secret" designation.

8. If at any time prior to the trial of this action a party realizes that





FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Order. Upon receipt of such designation in writing, the persons subject to this order shall take all reasonable and appropriate action to notify persons to whom they have provided the discovery material about the protected status of the newly designated Confidential Discovery Material, and to retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Order to have Confidential Discovery Material. However, no party shall be penalized in any way for disclosing such materials prior to receiving notice of this belated designation.

9. No person subject to this order other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

(a) Counsel for the parties in this action, including any paralegal, clerical, consulting, professional and other staff employed or retained by counsel for work on this action;

(b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this Order; however, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture, or sale of any anesthetic or medical device (pain pump) that competes with anesthetics or medical devices researched, developed, manufactured or sold by the designating





FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

party, the party seeking the testimony must first receive written consent of the counsel for the designating party (in such a manner that appropriately protects the identity of fact witnesses, consultants, and experts), or obtain a Court order permitting disclosure to that witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e) Official court reporters;

(f) The Court, mediators, and support personnel; and

(g) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate plaintiff(s)' claims.

10. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 9 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize the discovery of experts or their identities.

11. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the close of discovery in this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly

FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

be reached, the dispute will be submitted to the Court pursuant to Local Rule 37-1 to 37-4. The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality. Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain as Confidential Discovery Material pursuant to this order. The parties agree that they will not object to the designation as "Confidential" or "Trade Secret" of discovery materials that they do not reasonably intend to file in support of a motion or brief, or to introduce in open court.

12. To the extent allowed by applicable law, the parties will file a motion to have all Confidential Discovery Material filed under seal, including any portion of a court paper that discloses Confidential Discovery Material. When filing the motion, the parties will cite to the court the legal grounds for filing the Confidential Discovery Material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law. Pursuant to Local Rule 79-5, any Confidential Discovery Material to be filed shall be filed manually, along with an application to seal. If a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an application for a sealing order and lodge the document, memorandum or other filing in accordance with Local Rule 79-5. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

13. If any attorney files with or submits to the court any confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such confidential documents, responses, transcripts or things, or any information contained therein, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the confidential information while leaving other non-confidential information meaningful, as required by *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122 (9th Cir. 2003). If so, redacted versions of such material shall be filed with the court according to the standard filing procedures.

14. The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court, as set out in *Kamakana v. Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122 (9th Cir. 2003); and other controlling law.

15. Each person who has access to Confidential Discovery Materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

16. This Order shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, destroyed. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

17. The court shall retain jurisdiction over all persons and parties subject



FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

18. Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

19. Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Order.

20. This Order shall not apply to, or restrict, Confidential Discovery Material used at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the court as a separate matter upon the motion of any party. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

21. The medical and financial records of plaintiffs shall be deemed "Confidential" under this order without each page being marked as such.

22. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery, shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production or other disclosure. Upon notification, the receiving party shall immediately, at the producing party's option, return or destroy the inadvertently-produced or otherwise disclosed materials and all copies, and shall delete the material and all copies from any litigation-support or other database. The recipient shall destroy notes and work product reflecting the contents of such materials. No further uses or disclosures





FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

shall be made of the inadvertently-produced or otherwise disclosed materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them. Any person who receives such inadvertently-produced or otherwise disclosed materials need not wait for notice from the producing party before complying with the above, and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and/or information produced is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Federal Rule of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties. In the event that the receiving party disputes the application of privilege or protection as trial preparation materials, the receiving party must promptly notify the producing party of the dispute, after which the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) shall apply to resolution of the dispute.

23. Nothing in this order shall preclude a party from using or disclosing Confidential Discovery Material as necessary to meet any reporting obligations to any government agency, including but not limited to the U.S. Food and Drug Administration.

24. Nothing in this Order shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its "Confidential" status under this Order.

25. Any party, or person who has executed a non-disclosure agreement pursuant to paragraph 10 of this order, served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately given written notice to counsel for the producing party. Upon receipt of such notice, the



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

producing party bears the burden of opposing the subpoena or other notice as it deems appropriate. The party receiving the subpoena or other notice shall cooperate with the producing party in any proceeding relating thereto.

26. A party who learns of an unauthorized disclosure of Confidential Discovery Material by it or by any person to whom the party has disclosed Confidential Discovery Material pursuant to this order shall immediately (a) issue written notice of the unauthorized disclosure to the designating party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material subject to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure was made of the terms of this order; and (d) use best efforts to secure a non-disclosure agreement in the form attached as Exhibit 1 hereto from all persons to whom the unauthorized disclosure was made.

27. Legitimately confidential information includes information that would identify persons and patients associated with adverse events involving human drugs (excluding plaintiffs, who have put this information at issue), and research subjects. See 21 CFR 314.430 and 21 CFR 20.63. Good cause exists for defendants to maintain this information in confidence. Defendants shall not be compelled to disclose this identifying information through, and may redact this identifying information from, discovery material before production; *provided, however*, that defendants shall maintain an un-redacted copy of the discovery material for any further review by the Court.

**IT IS SO ORDERED.**

DATED this **5th** day of **March**, 2009.

Andrew J. Wistrich, United States Magistrate Judge



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

*So Stipulated*:

Dated: February 23, 2009

Filice Brown Eassa & McLeod LLP

By: /s/ Scott J. Borrowman
WILLIAM E. STEIMLE
SCOTT J. BORROWMAN
Attorneys for Defendants
ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, and ZENECA HOLDINGS INC.

Dated: February_20, 2009

Williams Love O'Leary & Powers PC

By: /s/ Leslie O'Leary
LESLIE O'LEARY
Attorneys for Plaintiff
KENT J. KLAWER

(electronic signature authorized on February 20, 2009)

Dated: February_20, 2009

Morris Polich & Purdy LLP

By: /s/ Gerald P. Schneeweis
GERALD P. SCHNEEWEIS
Attorneys for Defendant
SMI LIQUIDATING, INC., f/k/a SORENSON MEDICAL, INC.

(electronic signature authorized on February 20, 2009)



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KENT J. KLAWER,<br>Plaintiff,<br>v.<br>SMI LIQUIDATING, INC., f/k/a SORENSON MEDICAL, INC., a Utah Corporation; ASTRAZENECA PHARMACEUTICALS LP, a Delaware Corporation; ASTRAZENECA LP, a Delaware Corporation; ZENECA HOLDINGS, INC., a Delaware Corporation,<br>Defendants. | Case No. CV-08-04991 SGL-AJW<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER RE: CONFIDENTIAL DISCOVERY MATERIALS** |

I, ________________________________ acknowledge that I have read and understand the Protective Order Re: Confidentiality of Discovery Materials in this action governing the non-disclosure of Confidential or Trade Secret discovery material. I agree that I will not disclose such discovery material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all such discovery material to the party or attorney from whom I received it. By acknowledging these obligations under this Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Central



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED this ______ day of ___________________, 20____.

_________________________________________

Print Name:

____________________________________



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131